## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENNETH RAGLAND,

*Plaintiff*,

vs.                                                      Case No. 08-2379-EFM

UNIVERSITY OF KANSAS
HOSPITAL, et al.,

*Defendant.*

## MEMORANDUM AND ORDER

Defendant Kelly Hewins ("Defendant Hewins") and Defendants University of Kansas Hospital and Medical School (collectively "Defendant Hospital") have moved, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss this action for lack of subject matter jurisdiction (docs. 4, 18). The primary issue arising from the motions is whether the court has jurisdiction over a claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") brought by an individual against a state employer. For the following reasons, this case is **DISMISSED** *without prejudice* as to all defendants for lack of subject matter jurisdiction.

### I.  Background

Plaintiff Kenneth Ragland ("Plaintiff") commenced this pro-se action in federal court against Defendant Hospital, Kelly Hewins in her capacity as an employee of the University of Kansas Hospital, and Julie Mack ("Defendant Mack") in her capacity as an employee of the University of Kansas Hospital - Medical School alleging violation of the USERRA, 38 U.S.C. 4301 *et seq.* (doc.

1).

In his Complaint, Plaintiff alleges that he taught CPR courses for the University of Kansas Hospital and Medical School.  As a member of the U.S. Navy Reserve, Plaintiff was deployed to Iraq in September 2007, and prior to his return to the United States in September 2008, he learned from Defendant Hewins that the work he previously performed at Defendant Hospital had been eliminated.  Plaintiff requested replacement work, which Defendant Hewins denied.  Plaintiff subsequently filed the instant action, seeking restoration of his CPR teaching position at Defendant Hospital, recovery of his lost wages, and the fees of this action.

Defendant Hewens and Defendant Hospital have moved to dismiss, alleging lack of federal court jurisdiction on a USERRA claim brought by an individual plaintiff against a state as an employer, and improper service of process (doc. 4, 18).  In addition, Defendant Hewins has moved to dismiss for failure to state a claim upon which relief can be granted, contending that USERRA does not provide for a cause of action against individual supervisors of state employment (doc. 4). Defendant Mack has moved to dismiss solely for lack of personal jurisdiction based on improper service of process (doc. 16).[1]

## II.  Standard

A district court has the authority to determine its own subject matter jurisdiction.[2]  A court must address jurisdiction issues upon motion of a party or may do so *sua sponte* should the circumstances warrant.[3]  A court lacking jurisdiction cannot render judgment, but must dismiss the

---

[1] Because this Court concludes that Defendant Hewins' and Defendant Hospital's lack of subject matter jurisdiction claim is dispositive to this case, Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and for improper service of process are not addressed.

[2] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[3] *Id.*

action at any time it determines it lacks subject matter jurisdiction.[4]  Because federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the burden of establishing the contrary rests with the party asserting jurisdiction.[5]

### III.  Analysis

The Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court.[6]  While a State may waive its sovereign immunity or may consent to suit in federal court brought by an individual, a court will find waiver "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'"[7]  A federal court will not find waiver merely because the State has waived suit in its own court, as a State's immunity interest "encompasses not merely *whether* it may be sued, but *where* it may be sued."[8]

Defendant Hospital is an instrumentality of the State of Kansas, governed by the University of Kansas Hospital Authority ("KUHA") pursuant to the University of Kansas Hospital Authority Act.[9]  While the act generally authorizes suit against the KUHA, and impliedly, the university

---

[4] *Grupo Dataflux v. Atlas Global Group, L.P.*, 514 U.S. 567, 570-71, 593 (2004); Fed. R. Civ. P. 12(h)(3).

[5] *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994); *Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

[6] U.S. Const. amend. XI; *Welch v. Texas Dept. of Highways & Public Transp.*, 483 U.S. 468, 472 (1987).

[7] *Welch*, 483 U.S. at 473 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)); *see also In re State of New York*, 256 U.S. 490, 497 (1921) (stating "[t]hat a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given . . . because of the Eleventh Amendment.").

[8] *Welch*, 483 U.S. at 473 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (emphasis in original)).

[9] K.S.A. § 76-3301 *et seq.; see also Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998) (recognizing the University of Kansas and its medical center as arms of the State of Kansas for purposes of the Eleventh Amendment).

hospital and medical center, in state court,[10] the act does not expressly provide consent to suit in federal court.[11]  As a result, the court cannot imply waiver of the State's sovereign immunity.[12]

With respect to Fourteenth Amendment rights, Congress has the power to abrogate a non-consenting State's Eleventh Amendment immunity.[13]  Congress, however, must unequivocally express its intent to abrogate a State's constitutionally guaranteed immunity as a court will not infer such intent.[14]  An affirmative and clear grant of jurisdiction by Congress to the federal courts is required.[15]

USERRA is a federal act that forbids an employer from discriminating against an employee based on membership in the armed forces.[16]  An employer violates this act if it takes action adverse to the employee that it otherwise would not have taken absent the employee's military service.[17]  Plaintiff argues that Defendant Hospital failed to retain his position as a CPR instructor while he was deployed to Iraq, and further, failed to provide him with a comparable position on his return (doc. 1).  Plaintiff subsequently brought his claim in federal court against Defendant Hospital and against Defendants Hewins and Mack in their official capacity as employees of Defendant Hospital.

Prior to 1998, the USERRA provided federal district courts with jurisdiction over all

---

[10] *See* K.S.A. § 76-3308(a)(4).

[11] *See* K.S.A. § 76-3301 *et seq.*

[12] *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

[13] U.S. CONST. amend. V; *Pennhurst*, 465 U.S. at 99.

[14] *Pennhurst*, 465 U.S. at 99.

[15] *McIntosh v. Partridge*, 540 F.3d 315, 321 (5th Cir. 2008).

[16] 38 U.S.C. §§ 4301(a)(3), 4311(a).

[17] 38 U.S.C. § 4311(c)(1)

USERRA claims, including those brought by an individual against a state employer.[18]  In contrast, the current form of the USERRA no longer provides federal courts with a blanket grant of jurisdiction over all USERRA claims.  USERRA sets forth only three specific types of claims that may be brought under the act and identifies which courts have jurisdiction to decide each matter:

> (1) In the case of an action against a State (as an employer) or a private employer commenced by the United States, the district courts of the United States shall have jurisdiction over the matter.
> (2) In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.
> (3) In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.[19]

The instant case falls under the second section of the act's jurisdiction provision.  On its face, it would appear that by Congress using the term "may," Plaintiff has the discretion of whether to bring his suit in federal *or* state court; however, the Fifth Circuit's analysis in *McIntosh v. Partridge* regarding Congress' use of the term "may" rather than "shall" or "must" is convincing.  The court found that the reasoning that "may" provides discretion as to which court an individual plaintiff may file suit against a State "departs from the proper standard for determining abrogation of sovereign immunity."[20]  Moreover, "[i]f we were to hold that the removal of the statutory language authorizing federal jurisdiction for [USERRA] suits did not actually remove federal jurisdiction, we would be violating a basic tenant of statutory construction: 'when Congress amends a law the amendment is made to effect some purpose.'"[21]  By eliminating the federal court's jurisdiction to all USERRA

---

[18] *Townsend v. Univ. Of Alaska*, 543 F.3d 478, 482 (9th Cir. 2008).

[19] 38 U.S.C. § 4323(b)(1)-(3).

[20] *McIntosh*, 540 F.3d at 320.

[21] *McIntosh*, 540 F.3d. at 321 (quoting *Argosy Ltd. v. Hennigan*, 404 F.2d 14, 20 (5th Cir. 1968)); *see also Velasquez v. Frapwell*, 165 F.3d 593, 594 (7th Cir. 1999) (finding Congress's intent to limit USERRA suits against states to state courts is unmistakable; *Carlberg v. N.H. Dept. Of Safety*, No. 08-cv-230-PB, 2008 WL 4610008, at *1 (D. N.H. Oct. 15, 2008) (holding federal court lacked subject matter jurisdiction to hear claim by individual

claims and identifying specific allowable claims under the act, Congress demonstrated its intent to limit federal court jurisdiction rather than abrogate Kansas' immunity to suit in federal court for claims brought by an individual against the State as an employer.

Accordingly, because Plaintiff brought his USERRA claim in federal court against the State (as employer) in his individual capacity, the federal court lacks jurisdiction and must dismiss the case.[22]  Because the Court concludes that Defendant Hewins' and Defendant Hospital's lack of subject matter jurisdiction claim is dispositive to this case, the Court need not address Defendants' motion to dismiss for failure to state a claim upon which relief can be granted and for improper service of process.

IT IS ACCORDINGLY ORDERED this 12th day of November, 2008, that Defendant Hewins' and Defendants University of Kansas Hospital and Medical School's motions to dismiss for lack of subject matter jurisdiction is hereby GRANTED, and this case is DISMISSED *without prejudice* as to all defendants.

IT IS SO ORDERED.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

against state agency).   It is also important to note that USERRA's venue provision, 38 U.S.C. § 4323(c) does not provide for an action brought by an individual against a State as an employer.

[22] In dismissing the case, the court makes no ruling as to the merits of Plaintiff's claim, but finds only that Plaintiff's claim must be brought in state court.